**NOT FOR PUBLICATION**

FILED

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOUTHCENTRAL FOUNDATION,

Plaintiff - Appellant,

v.

ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,

Defendant - Appellee.

No. 25-1812

D.C. No.
3:17-cv-00018-SLG

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 11, 2026**
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges.

Plaintiff-Appellant Southcentral Foundation ("SCF") appeals the district court's order granting reconsideration in part of its prior decision granting SCF's motion to enforce the district court's prior judgment.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review orders granting or denying motions for reconsideration for abuse of discretion. *See Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). We review motions to enforce a judgment by the same standard. *In re Volkswagen Clean Diesel Mktg., Sales Practices & Prods. Liab. Litig.*, 975 F.3d 770, 775 (9th Cir. 2020). "Whether or not a district court judge abuses his discretion by reversing an earlier judge's ruling, the Court of Appeals should review the merits of the ruling." *Zeyen v. Bonneville Joint Dist., No. 93*, 114 F.4th 1129, 1139 (9th Cir. 2024) (simplified). Our question, therefore, is whether Judge Gleason "abuse[d] [her] discretion in reaching [] different conclusion[s] than th[ose] in Judge [Kindred's] earlier rulings." *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1028 (9th Cir. 2001). "Under this deferential standard, we must affirm the district court absent an error of law or clearly erroneous findings of fact." *In re Volkswagen*, 975 F.3d at 775 (simplified).

1. The district court abused its discretion in granting reconsideration of its decision ordering the production of the 15 documents requested by SCF. The district court concluded the documents request was not properly before the district court because "SCF's Motion to Enforce Judgment did not ask the [district court] to make individual determinations as to each of the disputed documents." The district court also determined that SCF had waived requesting *in camera* review by doing so only in its reply brief. While SCF's motion requested a broad remedy, it specifically

identified the 15 documents now at issue. So its request was properly before the district court. And while SCF requested *in camera* review for the first time in its reply brief, Alaska Native Tribal Health Consortium (ANTHC) had ample opportunity to respond, contesting *in camera* review in its brief in support of oral argument, its sur-response, its Motion to Establish Process for Review, and its reply in support of that motion. "A district court does not abuse its discretion in considering new arguments or evidence if the opposing party had an opportunity to respond." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024). Moreover, the decision to conduct *in camera* review "rests in the sound discretion of the district court." *United States v. Zolin*, 491 U.S. 554, 572 (1989). Indeed, courts may even conduct *in camera* review *sua sponte*. *See, e.g.*, *Schanen v. U.S. Dep't of Just.*, 798 F.2d 348, 349 (9th Cir. 1985). We therefore reverse the grant of reconsideration on these orders.

Further, the dispute over the 15 documents is not moot as ANTHC contends. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Un., Local 1000*, 567 U.S. 298, 307 (2012) (simplified). While ANTHC may have offered to provide SCF access to the 15 documents for a limited time, that period has since elapsed, and it is uncontested that SCF has not viewed the documents. Because we can "order the district court to direct" ANTHC to furnish the requested documents, "effective

relief remains available." *See Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1223 (9th Cir. 2025) (simplified).

2. The district court did not abuse its discretion in granting reconsideration of the order striking §§ 5.4.1.1 and 5.4.1.7 of ANTHC's disclosure policy. We have made clear that SCF is entitled to all "information necessary to effectively exercise [its] rights." *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020). While the disclosure policy allows ANTHC to withhold information to protect privilege, § 5.4.1.1, or in "extraordinary circumstances," § 5.4.1.7, the district court on reconsideration reasonably read the disclosure policy in context of ANTHC's statutory obligations. *See* Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597 (1997); *Southcentral Found.*, 983 F.3d at 420. The district court thus reasonably concluded that the disclosure policy does not contradict ANTHC's obligation to disclose information necessary to SCF's governance rights—even in cases where privilege applies or "extraordinary circumstances" exist. The district court thus did not abuse its discretion in reconsidering its order.

3. We need not reach whether the district court's reconsideration order vacated the prior enforcement order's prospective procedural provisions. ANTHC did not challenge that portion of the district court's enforcement order and the district court did not reach the issue on reconsideration. The parties should raise this issue with the district court in the first instance.

**REVERSED IN PART AND AFFIRMED IN PART.**[1]

[1] The Motion to Supplement the Record (Dkt. No. 16) is **GRANTED**. The Motion for Judicial Notice (Dkt. No. 51) is **GRANTED**.