*No. 25-1812*

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

SOUTHCENTRAL FOUNDATION,

*Plaintiff-Appellant*,

v.

ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Alaska
Case No. 3:17-cv-00018-SLG
Honorable Sharon L. Gleason

# APPELLEE ALASKA NATIVE TRIBAL HEALTH CONSORTIUM'S PETITION FOR PANEL REHEARING

JAMES E. TORGERSON
(ALASKA SB #8509120)
WHITNEY A. BROWN
(ALASKA SB #1906063)
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501-1959
Telephone: 907.277.1900
Facsimile: 907.277.1920

RACHEL C. LEE
(OREGON SB #102944)
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for Appellee*

ANTHC appreciates the time and attention this Court has devoted to this case. ANTHC seeks panel rehearing of one sentence in the panel's memorandum disposition that overlooks or misapprehends facts in the record. Fed. R. App. P. 40(b)(1). ANTHC is concerned that, if left unaddressed, the sentence may create uncertainty in future proceedings before the district court.

The final paragraph of the Court's decision reads as follows: "We need not reach whether the district court's reconsideration order vacated the prior enforcement order's prospective procedural provisions. *ANTHC did not challenge that portion of the district court's enforcement order and the district court did not reach the issue on reconsideration.* The parties should raise this issue with the district court in the first instance." Dkt. 61.1 in No. 25-1812 (Aug. 13, 2026) (emphasis added) at p. 4. ANTHC respectfully asks this Court to delete the italicized second sentence because both of the factual statements it contains are incorrect.

***First***, ANTHC's motion for reconsideration did directly challenge the portion of former Judge Kindred's enforcement order that articulated prospective procedural provisions. ANTHC sought reconsideration of former Judge Kindred's decision on five enumerated grounds. The third challenged the former judge's refusal "to consider ANTHC's proposed process for judicial review of disclosure disputes" and his decision to instead "create[] and misappl[y] his own

unprecedented review process." 5-ER-680. ANTHC challenged both (1) the former judge's review process in this case and (2) his prospective procedural provisions "for reviewing challenges to ANTHC Board decisions." 5-ER-681 n.24. Regarding the latter, ANTHC argued that the former judge's prospective process failed to take into consideration the record the ANTHC Board reviewed in making its decision and failed to give any deference to the ANTHC Board's "necessity" decision. 5-ER-681. ANTHC cited pages 54 to 55 of the former judge's order, which refers to the former judge's two-page prospective procedural provisions under the heading "Future Proceedings," and attacked the former judge's treatment of this issue of first impression. 5-ER-681 n.24; *see* 5-ER-737–38.

In place of former Judge Kindred's approach, ANTHC's motion for reconsideration explicitly asked that the district court "adopt a process that ensures ANTHC's Board's necessity determinations receive at least as robust a review process as other courts' review of other information rights." 5-ER-681.

Judge Gleason's questions at oral argument on ANTHC's motion for reconsideration demonstrated that she understood ANTHC was challenging former Judge Kindred's prospective procedural provisions. In response to her questions, ANTHC reiterated that it was asking the district court to adopt a process for judicial review that considered the full record the ANTHC Board reviewed in

making its necessity decision and afforded ANTHC due process, including the opportunity to be heard. *See* Transcript of Oral Argument, Dkt. 475 in No. 3:17-cv-00018-SLG (Aug. 13, 2025) at 12–14 ("THE COURT: And your argument on the procedural issue is that would be a new action? [ANTHC's Counsel]: Our argument on the procedural issue is that . . . what is clear is that it should be, whether it's a new action or somehow a continuation of the existing case, needs to be a setting in which everybody, including ANTHC, is given due process. . . . [W]e don't see how an adjudicator could decide or could build a record about whether something's necessary without knowing what other information the designated entity SCF has already received."). The district court then asked SCF to respond to ANTHC's challenge to the former judge's process: "What's SCF's response to ANTHC's argument, as I understand it, that the Court shouldn't rule . . . in a vacuum, that to figure out what's necessary, both sides should get to weigh in[?]" SCF's counsel responded: "[I]n a future case where maybe there's a closer call, we can develop the process. Maybe the Court will have a -- as [ANTHC's counsel] mentioned, we are still at the early stages of this new procedure, so we're still figuring stuff out. We don't think the Court needs to figure out everything, you know, what the process will be in all cases at this point, just to look at whether the process for these documents, for this information, especially on a motion for

reconsideration, whether that was adequate. And we think, given what was at issue, it indisputably was."). *Id*. at 23–25.

Thus, although SCF attempted to persuade this Court otherwise in its briefing, *see* Reply Br. at 28, ANTHC directly challenged "th[e] portion of [former Judge Kindred's] enforcement order" concerning prospective procedural provisions, Dkt. 61.1 at p. 4, and the district court questioned both ANTHC and SCF at oral argument about the merits of ANTHC's challenge.

***Second***, Judge Gleason "reach[ed] the issue on reconsideration." *Id.* Her reconsideration order explains that "[i]n the event that there remains a dispute regarding the 15 withheld documents, or if a new dispute arises, SCF may by motion seek relief from this Court to obtain a document, and *the Court will establish a procedure for the judicial resolution of that dispute after each party is accorded an opportunity to be heard on the issue*." 1-ER-34 (emphasis added). Thus, Judge Gleason granted ANTHC's request and vacated the prospective procedure established in the enforcement order by ruling that the court would "establish" the applicable procedure in the future, after each party has an opportunity to be heard. The district court would have no need to "establish" such a procedure in the future if the former judge's prospective procedure remained in effect. Further, because Judge Gleason's ruling vacated the prospective procedure

established in the enforcement order, there was no reason for ANTHC to appeal the issue.

SCF, for its part, chose not to challenge this portion of the district court's reconsideration order either in its own motion for reconsideration before the district court or in this appeal. Instead of grappling with Judge Gleason's holding forthrightly, SCF sought to invalidate it by persuading this Court to decide that the district court's reconsideration order "did not disturb" the enforcement order's procedural provisions. Opening Br. at 5; *see also* Reply Br. at 28. Without ever raising the issue with the district court, it asked this Court to interpret Judge Gleason's reconsideration order to have no effect on former Judge Kindred's prospective procedural provisions.

To be clear, ANTHC is not now asking the Court to decide whether the district court's reconsideration order vacated the prior enforcement order's prospective procedural provisions. In ANTHC's view, this Court correctly decided not to reach this question. If SCF finds the district court's reconsideration order unclear, it should present its question to the district court. As this Court held, "[t]he parties should raise this issue with the district court in the first instance." Dkt. 61.1 at p. 4.

ANTHC respectfully asks, therefore, that this Court delete its statement that "the district court did not reach the issue on reconsideration." Dkt. 61.1 at p. 4.

Left undisturbed, this language could be misused to try to limit the district court's discretion over establishing "a procedure for the judicial resolution of [a] dispute after each party is accorded an opportunity to be heard." 1-ER-34.

To summarize, the second sentence in the final paragraph of the Court's disposition should be deleted because it overlooks facts in the record establishing that (1) ANTHC challenged the relevant portions of former Judge Kindred's enforcement order; and (2) in the reconsideration order, Judge Gleason ruled that the applicable procedure would be established in the future after both parties have an opportunity to be heard. ANTHC therefore respectfully requests that this Court revise its final paragraph as follows:

> We need not reach whether the district court's reconsideration order vacated the prior enforcement order's prospective procedural provisions. ~~ANTHC did not challenge that portion of the district court's enforcement order and the district court did not reach the issue on reconsideration.~~ The parties should raise this issue with the district court in the first instance.

DATED: August 27, 2026.

STOEL RIVES LLP

*s/ James E. Torgerson*
JAMES E. TORGERSON
WHITNEY A. BROWN
RACHEL C. LEE
*Attorneys for Appellee*
*Alaska Native Tribal Health Consortium*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 25-1812

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

(●) Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 1,308 **.**
*(Petitions and responses must not exceed 4,200 words)*

**OR**

( ) In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** s/ James E. Torgerson **Date** 8/27/26
*(use* "s/[typed name]" *to sign electronically-filed documents)*

**NOT FOR PUBLICATION**

FILED

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br><br>Defendant - Appellee. | No. 25-1812<br><br>D.C. No. 3:17-cv-00018-SLG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted August 11, 2026**
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges.

Plaintiff-Appellant Southcentral Foundation ("SCF") appeals the district court's order granting reconsideration in part of its prior decision granting SCF's motion to enforce the district court's prior judgment.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review orders granting or denying motions for reconsideration for abuse of discretion. *See Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). We review motions to enforce a judgment by the same standard. *In re Volkswagen Clean Diesel Mktg., Sales Practices & Prods. Liab. Litig.*, 975 F.3d 770, 775 (9th Cir. 2020). "Whether or not a district court judge abuses his discretion by reversing an earlier judge's ruling, the Court of Appeals should review the merits of the ruling." *Zeyen v. Bonneville Joint Dist., No. 93*, 114 F.4th 1129, 1139 (9th Cir. 2024) (simplified). Our question, therefore, is whether Judge Gleason "abuse[d] [her] discretion in reaching [] different conclusion[s] than th[ose] in Judge [Kindred's] earlier rulings." *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1028 (9th Cir. 2001). "Under this deferential standard, we must affirm the district court absent an error of law or clearly erroneous findings of fact." *In re Volkswagen*, 975 F.3d at 775 (simplified).

1. The district court abused its discretion in granting reconsideration of its decision ordering the production of the 15 documents requested by SCF. The district court concluded the documents request was not properly before the district court because "SCF's Motion to Enforce Judgment did not ask the [district court] to make individual determinations as to each of the disputed documents." The district court also determined that SCF had waived requesting *in camera* review by doing so only in its reply brief. While SCF's motion requested a broad remedy, it specifically

identified the 15 documents now at issue. So its request was properly before the district court. And while SCF requested *in camera* review for the first time in its reply brief, Alaska Native Tribal Health Consortium (ANTHC) had ample opportunity to respond, contesting *in camera* review in its brief in support of oral argument, its sur-response, its Motion to Establish Process for Review, and its reply in support of that motion. "A district court does not abuse its discretion in considering new arguments or evidence if the opposing party had an opportunity to respond." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024). Moreover, the decision to conduct *in camera* review "rests in the sound discretion of the district court." *United States v. Zolin*, 491 U.S. 554, 572 (1989). Indeed, courts may even conduct *in camera* review *sua sponte*. *See, e.g.*, *Schanen v. U.S. Dep't of Just.*, 798 F.2d 348, 349 (9th Cir. 1985). We therefore reverse the grant of reconsideration on these orders.

Further, the dispute over the 15 documents is not moot as ANTHC contends. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Un., Local 1000*, 567 U.S. 298, 307 (2012) (simplified). While ANTHC may have offered to provide SCF access to the 15 documents for a limited time, that period has since elapsed, and it is uncontested that SCF has not viewed the documents. Because we can "order the district court to direct" ANTHC to furnish the requested documents, "effective

relief remains available." *See Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1223 (9th Cir. 2025) (simplified).

2. The district court did not abuse its discretion in granting reconsideration of the order striking §§ 5.4.1.1 and 5.4.1.7 of ANTHC's disclosure policy. We have made clear that SCF is entitled to all "information necessary to effectively exercise [its] rights." *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020). While the disclosure policy allows ANTHC to withhold information to protect privilege, § 5.4.1.1, or in "extraordinary circumstances," § 5.4.1.7, the district court on reconsideration reasonably read the disclosure policy in context of ANTHC's statutory obligations. *See* Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597 (1997); *Southcentral Found.*, 983 F.3d at 420. The district court thus reasonably concluded that the disclosure policy does not contradict ANTHC's obligation to disclose information necessary to SCF's governance rights—even in cases where privilege applies or "extraordinary circumstances" exist. The district court thus did not abuse its discretion in reconsidering its order.

3. We need not reach whether the district court's reconsideration order vacated the prior enforcement order's prospective procedural provisions. ANTHC did not challenge that portion of the district court's enforcement order and the district court did not reach the issue on reconsideration. The parties should raise this issue with the district court in the first instance.

**REVERSED IN PART AND AFFIRMED IN PART.**[1]

[1] The Motion to Supplement the Record (Dkt. No. 16) is **GRANTED**. The Motion for Judicial Notice (Dkt. No. 51) is **GRANTED**.